1  Thomas H. Scully (Cal. SBN: 305790)
   Thomas@ThomasScullyLaw.com
2  Attorney for Plaintiffs:
   Antonio White and Craig Ward
3
   Business Address:
4  800 S. Figueroa Street
   Justice Entrepreneur Initiative
5  Suite 1160
   Los Angeles, CA 90017
6  Telephone: (424) 258-5049
   Facsimile: (213) 480-6807
7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11 ANTONIO WHITE, an individual; and ⟩  **Case No. 2:16-cv-5831**
   CRAIG WARD, an individual,       ⟩
12                                   ⟩
                                     ⟩
13              Plaintiffs,          ⟩
                                     ⟩
14        v.                         ⟩  **COMPLAINT FOR:**
                                     ⟩  **(1) INFRINGEMENT OF**
15 WARNER-TAMERLANE                  ⟩      **COPYRIGHT FOR THE**
   PUBLISHING CORPORATION;           ⟩      **SONG "Ain't No Fun (If The**
16 ESTATE OF NATHANIEL HALE          ⟩      **Homies Can't Have None)";**
17 D/B/A "NATE DOGG"; CALVIN         ⟩  **(2) CONTRIBUTORY**
   BROADUS, JR. D/B/A "SNOOP         ⟩      **INFRINGEMENT OF**
18 DOG"; MARION "SUGE" KNIGHT;       ⟩      **COPYRIGHT FOR THE**
19 ANDRE YOUNG D/B/A "DR. DRE";      ⟩      **SONG "Ain't No Fun (If The**
   RICARDO BROWN D/B/A               ⟩      **Homies Can't Have None)";**
20 "KURUPT"; WARREN GRIFFIN III      ⟩      **and**
   D/B/A "WARREN G."; AND DOES 1-    ⟩  **(3) FRAUD.**
21 5                                 ⟩
22                                   ⟩
                                     ⟩
23              Defendants.          ⟩  DEMAND FOR JURY TRIAL
                                     ⟩
24                                   ⟩
                                     ⟩
25

26
   //
27
   //
28

                              -1-
   **COMPLAINT OF ANTONIO WHITE AND CRAIG WARD AGAINST WARNER-TAMERLANE PUBLISHING**
   **CORPORATION, ET AL. FOR INFRINGEMENT OF COPYRIGHT AND FRAUD AS TO MARION KNIGHT**

1

**JURISDICTION**

2      The United States District Court has original jurisdiction on the basis of

3  federal question 28 U.S.C. 1331, to enforce the Copyright Act, Title 17 U.S.C. 101

4  *et seq*. and it has pendant jurisdiction over the California State claims that arise

5  from the same events or transactions, that naturally would be tried together.  All

6  State claims depend upon substantial questions of federal law.

7      The Central District of California has personal jurisdiction over the

8  defendants who each reside in California, or have minimum contacts with the State

9  by way of their major offices in Los Angeles, California, from which they

10  conducted transactions related to copyrighted material that is the subject matter of

11  this lawsuit.

12

13

**THE PARTIES**

14      1.      Plaintiff Craig Ward is the holder of the original copyright on a sound

15  recording containing both musical composition and lyrics, entitled "Volume I—out

16  to get a grip" registered with the U.S. Copyright Office February 18, 1992.

17      2.      Plaintiff Antonio ("Tony") White is the joint author of the music and

18  lyrics on said album, and therefore holds the copyright for the whole work with

19  Craig Ward as owners in common.  (Antonio White and Craig Ward will be

20  referred to herein as "Plaintiffs" unless otherwise specified.)

21      3.      Plaintiffs allege that the events that gave rise to this lawsuit, in which

22  Defendants infringed Plaintiffs' copyright with the derivative work "Ain't No Fun

23  (If The homies Can't Have None)" recorded and released in 1993, took place in

24  and around Los Angeles County, in the State of California.

25      4.      Warner-Tamerlane Publishing Corporation, c/o Warner/Chappell

26  Music, Inc. is the exclusive worldwide administrator for Nathaniel Hale d/b/a Nate

27  Dogg Music's copyright interest in, and to, the musical composition entitled "Ain't

28  No Fun (If The Homies Can't Have None)".  This contact with Los Angeles,

California, which is essential to the claim, as well as the fact that the corporation maintains local offices here, continuing to administer the very intellectual property that is the subject of this claim, fulfills the requirements of Specific Jurisdiction.

5.    Defendant, Calvin Broadus, Jr. d/b/a "Snoop Dog" is a musical artist and performer who included the infringing work on his album "Doggy Style" and is the person primarily credited with the authorship of that album including the track at issue.  On information and belief, Plaintiffs allege that Mr. Broadus resides, and carries on substantial business, in Los Angeles, California, giving the district court personal jurisdiction over him.

6.    Defendant, Marion "Suge" Knight was at all relevant times a music producer in Los Angeles County, California, who arranged, facilitated, encouraged, and subsequently covered up the infringement of Plaintiffs' copyright, thus engaging in contributory infringement and fraud.  In addition, Mr. Knight was a principal of Death Row Records which applied for copyright in the album "Doggy Style" in 1996, making him vicariously liable.  Plaintiffs allege that Mr. Knight is currently incarcerated in Los Angeles County, giving the district court personal jurisdiction over him.

7.    Defendant, Andre Young d/b/a "Dr. Dre" is credited as a producer of the later derivative versions of the infringing work "Ain't No Fun" and therefore copied Plaintiffs' original work to their detriment.  Plaintiffs allege on information and belief that Andre Young resides within California, giving the district court personal jurisdiction over him.

8.    Defendant, Richardo Brown d/b/a "Kurupt" is credited as an additional singer or writer of lyrics on the later derivative versions of the infringing work "Ain't No Fun" and therefore copied Plaintiffs' original work to their detriment.  Plaintiffs allege on information and belief that Richardo Brown resides within California, giving the district court personal jurisdiction over him.

9.    Defendant Warren Griffin III d/b/a "Warren G." is credited as an

COMPLAINT OF ANTONIO WHITE AND CRAIG WARD AGAINST WARNER-TAMERLANE PUBLISHING
CORPORATION, ET AL. FOR INFRINGEMENT OF COPYRIGHT AND FRAUD AS TO MARION KNIGHT

1    additional singer or writer of lyrics on the later derivative versions of the infringing

2    work "Ain't No Fun" and therefore copied Plaintiffs' original work to their

3    detriment.  Plaintiffs allege on information and belief that Warren Griffin III

4    resides within California, giving the district court personal jurisdiction over him.

5           10.    Plaintiffs allege that unnamed "Doe" Defendants 1-5 were agents of

6    the named defendants, or enabled or were in some manner responsible for the

7    conduct complained of herein.  Their true names and identities are unknown to

8    Plaintiffs at this time, but Plaintiffs will amend this pleading with their true names

9    and actions, when sufficient facts come to light.

10

11                    **GENERAL ALLEGATIONS**

12          11.    Plaintiffs Craig Ward and Antonio White authored a self-produced

13   album in about 1991 containing both original words and original musical elements.

14          12.    Mr. Ward personally registered a copyright for the album February

15   18, 1992 number PAu001603686 under the title: "Volume I—out to get a grip"

16   comprising eight (8) tracks, including the "Ain't No Fun" track.

17          13.    The copyright registration mistakenly lists this as a "work made for

18   hire" because the form was not filled out correctly.  In fact, the authors Craig Ward

19   and Antonio White were working independent of any "label" at the time, and no

20   other person has come forward to claim, or can claim, ownership of either words

21   or music in "Volume I—out to get a grip".  It is uncontested that none of the

22   named defendants claim, or have ever claimed, ownership of Craig Ward's

23   copyright.

24          14.    Plaintiff Antonio White shares creative authorship over all the aspects

25   of said album, so that they come before the Court as equal tenants in common of a

26   work of joint authorship.

27          15.    One of the tracks on the album authored by Plaintiffs is the song

28   "Ain't No Fun" with the hook/chorus "Ain't No Fun, It Ain't No Fun If The

**COMPLAINT OF ANTONIO WHITE AND CRAIG WARD AGAINST WARNER-TAMERLANE PUBLISHING
CORPORATION, ET AL. FOR INFRINGEMENT OF COPYRIGHT AND FRAUD AS TO MARION KNIGHT**

Homies Can't Have None." This is the first line of lyrics, repeated twice during the body of the song, sung as call-and-response in four-block sets, and repeated a third time in an extended double-set to fade-out.

16.    The song "Ain't No Fun (If The Homies Can't Have None)" featuring "Warren G," "Nate Dogg," and "Kurupt" on "Snoop Dogg's" album "Doggy Style" produced by "Dr. Dre" and released by "Suge" Knight, uses the title with the exact words as Plaintiffs' work, as well as a variation, "But see, it ain't no fun, if my homies can't get a taste of it".  More significantly, the infringing work uses the complete sentence "Ain't No Fun If The Homies Can't Have None" multiple times as the hook/chorus that holds together the whole work thematically.

## FIRST CAUSE OF ACTION
### Infringement Of Copyright
### (All Plaintiffs Against All Defendants)

17.    Plaintiffs hereby incorporate paragraphs 1 through 16, inclusive, as if said paragraphs were set forth at length herein.

18.    The lyrics and title "Ain't No Fun, It Ain't No Fun If The Homies Can't Have None" is a unique work of original authorship by Plaintiffs.  This phrase/sentence was not in common usage before "Doggy Style" became popular, and is not found in any other work of authorship prior to Plaintiff's copyright registration.

19.    The hook/chorus that is central to both works is an example of fragmented literal similarity because Defendants copied that portion of Plaintiffs' work exactly, while not copying all portions of the work.

20.    The copied portion forms a substantial element of both works. Analyzing the significance to Plaintiffs' work, we can look at both the qualitative and quantitative significance to the Plaintiffs' work as a whole.  Quantitatively the

1  hook/chorus is used nearly 20 times in some form in Plaintiffs' work.

2  Qualitatively the hook/chorus unifies the song and delivers the theme or

3  underlying idea in a unique and culturally significant way.

4      21.    The hook/chorus in the song attributed to Defendants has attained

5  cultural significance during the years since the release by Death Row Records,

6  quoted in countless books, songs, and scholarly articles, offering further evidence

7  of the intrinsic value of Plaintiff's copyrighted material, separate and apart from

8  any lyrical or musical elements added by derivative works.

9      22.    Plaintiffs allege that the value of their original work was sensibly

10  diminished by the infringing work, because a listener now would reasonably

11  (though incorrectly) assume that Plaintiffs' work was a rip-off of Defendants'

12  work.  Craig Ward always intended to release his "Volume I—out to get a grip"

13  with "Ain't No Fun" as the main single, but he can no longer to so, after "Doggy

14  Style" exhausted the market for that particular hook/chorus.

15      23.    The labors of the original authors are substantially, to an injurious

16  extent, appropriated by Defendants.  The hook/chorus in question was of value to

17  Defendants in the "Doggy Style" recording because it exactly captured what

18  Defendants wanted to express, and unified the song and theme in the exact same

19  way as it had for Plaintiffs' song.

20      24.    Plaintiffs further allege that the versus of the two songs that were not

21  literally copied are also substantially similar.  The versus of both songs are

22  concerned with homies relaxing one night, getting high and having a dialogue

23  addressed to a female who previously had sex with the speaker, followed by

24  suggesting an elaborate scenario, that the female should be sexually shared among

25  the homies, described in a partly humorous, partly derisive tone.

26      25.    Plaintiffs allege that some protectable musical elements also exist that

27  are common to both works and are evidence of copying.  Plaintiffs will continue

28  research and investigation to determine the extent of these musical elements.

26.     Plaintiffs allege on information and belief that Defendants each had direct access to the works of Plaintiffs Craig Ward and Antonio White, and did willfully copy, appropriate, and steal both the key hook/chorus of the song and also its central themes and ideas.

27.     During the time that "Chronic" was being produced by Death Row Records, around 1992, Marion "Suge" Knight invited Plaintiffs Mr. Ward and Mr. White to the studio to play some of "Volume I—out to get a grip", allegedly because he wished to purchase a skit or some tracks out of it, to use on one of the albums produced by Death Row Records.

28.     Present at one of these meetings were Calvin Broudus, Jr. ("Snoop"), Andre Young ("Dr. Dre"), and Ricardo Brown ("Kurupt") as well as Marion "Suge" Knight.  Each of these defendants listened to the track that is the subject of this copyright action.

29.     Sometime after the "Chronic" time period, Mr. Knight was involved in a business agreement with Mr. Ward and Mr. White in which they turned over the masters of their work "Volume I—out to get a grip" including the track that is the subject of this copyright action, to Mr. Knight's company.  Mr. Knight's company at that time, Death Row Records, was working with each of the other defendants named herein, and therefore Plaintiffs allege on information and belief that all the defendants had direct access to Plaintiffs' work, and did access it.

## SECOND CAUSE OF ACTION
### Contributory Infringement Of Copyright
### (All Plaintiffs Against All Defendants)

30.     Plaintiffs hereby incorporate paragraphs 1 through 29, inclusive, as if said paragraphs were set forth at length herein.

31.    Plaintiffs re-allege that at least some of the Defendants directly infringed Plaintiffs' copyright, after enjoying direct access.

32.    In addition, and alternatively, Defendants infringed Plaintiffs' copyright contributorily, in concert with those who infringed directly, by participating substantially in that direct infringement.

33.    Producers of the album "Doggy Style" such as Marion "Suge" Knight and Andre Young ("Dr. Dre"), had actual and constructive knowledge of the direct infringement, and both facilitated and encouraged that infringement in the song "Ain't No Fun" on that album, by substantial contributions of studio resources and creative guidance.

34.    Plaintiffs allege on information and belief that all the Defendants spoke with each other and shared musical elements and lyrics while working on the album "Doggy Style" such that they each had knowledge, whether actual or constructive, of each other's infringement, and encouraged the same.

## THIRD CAUSE OF ACTION

## Fraud

### (All Plaintiffs Against Marion Knight)

35.    Plaintiffs hereby incorporate paragraphs 1 through 34, inclusive, as if said paragraphs were set forth at length herein.

36.    Plaintiffs allege that Marion "Suge" Knight made numerous representations to them around the period of 1992-1994 that they would enter into business relations, that Mr. Knight would buy "Volume I—out to get a grip", or that Mr. Knight would enter into a recording contract with one or both of them, or that he would otherwise promote their careers.

37.    During the time period after Death Row Records released the "Chronic" album and before the "Doggy Style" album, Mr. Knight entered into an

1    agreement whereby Plaintiffs would enter into an imprint deal for Craig Ward's

2    original copyrighted material "Volume I—out to get a grip."  Their agreement

3    called for a CD pressing and release date within 60 days, in return for their

4    masters.  After Antonio White turned over the masters, but before Mr. Knight

5    performed his side of the agreement, the Plaintiffs heard the infringing track "Ain't

6    No Fun" from the "Doggy Style" album.  The agreement that Plaintiffs thought

7    they had with Mr. Knight and Death Row Records fell apart.

8         38.    Mr. Knight represented to Plaintiff, Craig Ward, that Death Row

9    Records would eventually sign him and promote him, going so far as to pay him a

10   small amount of money, characterized at the time as an advance.

11        39.    For a decade or more Mr. Knight invited Craig Ward to parties, award

12   shows, and events at Death Row Records, always holding out the hope that Craig

13   Ward would get the help he needed for his career to take off.

14        40.    In about the summer of 1995 Mr. Knight represented to Plaintiff,

15   Craig Ward, that he should not make a big deal about the similarity between their

16   songs.  He said that "Snoop didn't steal your song," and Mr. Knight asked them

17   not to go after Calvin Broadus, Jr., saying "Don't mess with Snoop."

18        41.    Plaintiffs allege, on information and belief, that Mr. Knight never

19   intended to sign or promote either Craig Ward or Antonio White, or their

20   respective companies, or to give either of them credit for the song at issue, or any

21   other song or album.

22        42.    Further, Plaintiffs allege that Mr. Knight knew that his various

23   statements to the contrary were false when he made them, and that he made them

24   for the purpose of having Plaintiffs believe them, and to act or forebear to act in

25   the manner Mr. Knight wished.

26        43.    Plaintiffs reasonably relied on these various statements by

27   Defendants, and were harmed thereby.

28

-9-

**COMPLAINT OF ANTONIO WHITE AND CRAIG WARD AGAINST WARNER-TAMERLANE PUBLISHING
CORPORATION, ET AL. FOR INFRINGEMENT OF COPYRIGHT AND FRAUD AS TO MARION KNIGHT**

1    44.   In a Rolling Stone article November 25, 2013 <u>"Suge Knight Reflects</u>

2  <u>on 'Dogystyle' 20 Years Later"</u> by Paul Cantor, Suge Knight is quoted as follows:

> "Ain't No Fun"… one of the homies […] named Pooh, all them dudes already had a record done.  And they came and played it for us in the studio.  They played us the demo.  Everybody looked at it like it was alright.  And then after they left, shit, everybody was chopping that same beat.

Plaintiffs allege that that "Pooh" is a misprint of actual street name "Pook" and quote clearly refers to them, and their playing of "Volume I—out to get a grip" for Defendants.

    45.   Plaintiffs thereafter became convinced that Mr. Knight had knowingly misled them the whole time and was liable for copyright infringement and fraud.

## **DEMAND FOR JURY TRIAL**

    NOTICE IS GIVEN THAT Plaintiffs hereby demands a trial by jury on all issues triable by a jury in the above-entitled action.

## **PRAYER FOR RELIEF**

    WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.    Plaintiffs' Damages;

B.    Defendants' Profits;

C.    Statutory or "In Lieu" Damages under the Copyright Act;

D.    Exemplary and punitive damages for willful infringement and for fraudulent conduct;

E.    Attorney's fees as permitted by law;

F.    Costs of suit including expert witness fees;

G.    Appropriate injunctive and declaratory relief; and

H.    For such other and further relief the Court may deem proper.

COMPLAINT OF ANTONIO WHITE AND CRAIG WARD AGAINST WARNER-TAMERLANE PUBLISHING
CORPORATION, ET AL. FOR INFRINGEMENT OF COPYRIGHT AND FRAUD AS TO MARION KNIGHT

1

2

3   DATED: August 4, 2016           Respectfully Submitted,

4                                   **Law Offices of Thomas Scully**

5

6

7

8

9                                   By:_____

10                                       Thomas H. Scully, Esq.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT OF ANTONIO WHITE AND CRAIG WARD AGAINST WARNER-TAMERLANE PUBLISHING CORPORATION, ET AL. FOR INFRINGEMENT OF COPYRIGHT AND FRAUD AS TO MARION KNIGHT**